IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERTO POINDEXTER,

                       Plaintiff,

v.

LETISIA ESTRADA and MEDICAL STAFF,

                       Defendants.

OPINION and ORDER

24-cv-75-jdp

---

Plaintiff Roberto Poindexter, without counsel, alleges that defendants provided inadequate medical care for his back problems. Because Poindexter proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Poindexter's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Poindexter to file an amended complaint to fix this problem.

ALLEGATIONS OF FACT

Poindexter is incarcerated at the Dane County Jail and has a documented bone-deterioration issue in his lower back. Poindexter asked the unnamed medical staff defendants for an extra mattress and medication to treat this issue, but they didn't accommodate him. Apparently, Poindexter filed a grievance about medical staff's failure to

accommodate him, but defendant Dr. Letisia Estrada didn't provide those accommodations or grant relief. Poindexter's pain has become "unbearable."

## ANALYSIS

Online records from the Department of Corrections state that Poindexter is under active community supervision, and the Dane County Sheriff's Office's online roster lists his status as "CO pretrial/prob hold." I infer from these records that Poindexter is in custody awaiting a probation revocation hearing. Thus, I will evaluate his medical care claim under the Fourteenth Amendment. *See Voss v. Marathon Cnty.*, No. 18-cv-540-jdp, 2021 WL 148732, at *4 (W.D. Wis. Jan. 15, 2021).

I begin with some general remarks about pleading requirements. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To properly plead a Fourteenth Amendment medical care claim, Poindexter must allege that: (1) defendants acted intentionally, knowingly, or recklessly when they considered the

consequences of their actions; and (2) defendants' actions were objectively unreasonable. *See McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). The second step "requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively . . . whether the response was reasonable." *Id.*

Poindexter's allegations aren't enough to show that defendants' conduct was objectively unreasonable. Poindexter faults defendants for failing to give him an extra mattress and medication but, by itself, medical professionals' failure to give a prisoner his treatment of choice doesn't show that their care was objectively unreasonable. Poindexter alleges that his pain has become unbearable, but he hasn't described his requests for medical treatment or what defendants did, or failed to do, in response to them. It's unclear from the complaint whether defendants realized that Poindexter was in severe pain or, if they did, what efforts they made to treat it. It's possible that defendants are refusing to provide Poindexter with any care, but his allegations are too vague to plausibly support that inference. *Cf. Iqbal*, 556 U.S. at 678 ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). If that is what Poindexter means to allege, he must state those facts with reasonable clarity.

I will give Poindexter a chance to amend his complaint to state a medical care claim. In drafting his amended complaint, Poindexter should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Poindexter must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Poindexter should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Pointdexter believes supports a claim, he should identify each defendant who took that action.
- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.
- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Roberto Poindexter's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until May 10, 2024 to submit an amended complaint that fixes the above problems.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. If plaintiff moves while this case is pending, he must inform the court of his new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

9. The clerk of court is directed to send plaintiff a copy of this order.

Entered April 10, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge